## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND, MASSACHUSETTS LABORERS' ANNUITY FUND, NEW ENGLAND LABORERS' TRAINING TRUST FUND and MASSACHUSETTS LABORERS' LEGAL SERVICES FUND, Plaintiffs, | C.A. No. |

vs.

DOWN AND OUT INDUSTRIES, LLC,
                    Defendant,

and

COMMERCIAL DEVELOPMENT COMPANY, INC.,
                    Reach-and-Apply Defendant.

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C.

§185, by employee benefit plans to enforce the obligations to make contributions and pay

interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is governed

by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.     The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Down and Out Industries, LLC ("Down and Out") and the Massachusetts Laborers' District Council and Local Union 1421 ("Union").

9.     Defendant Down and Out is a New Hampshire Limited Liability Company with a principal place of business at 361 Route 12A, Plainfield, New Hampshire, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Its Resident Agent is listed as Stephen Draper at 361 Route 12A, Plainfield, New Hampshire.

10.     Reach-and-Apply Defendant Commercial Development Company, Inc. ("CDC") is a Missouri corporation with a principal place of business at 1515 Des Peres Road, Suite 300, St. Louis, Missouri.  Its Resident Agent is listed as CT Corporation System at 155 Federal Street, Suite 700, Boston, Massachusetts.  On information and belief, CDC owes Down and Out money.

## GENERAL ALLEGATIONS OF FACT

11.     On or about February 11, 2019, Down and Out agreed in writing to pay fringe benefit contributions due to the Plaintiff Funds and other non-ERISA Funds, listed in the Massachusetts State-Wide Wrecking and Environmental Remediation Agreement between the Union and the Massachusetts Building Wreckers' and Environmental Remediation Specialists Association, Inc., and to deduct dues and LPL contributions from laborers' pay, for all work performed on the Brayton project.  Down and Out also agreed to submit remittance reports each

month, listing the hours worked by its employees and calculating the amount of contributions

due the Funds for all work performed by its employees in a given month.  A copy of Down and

Out's signed Agreement is attached hereto as Exhibit A.

12.     The Fund office collects the contributions owed to all of the ERISA and non-

ERISA Funds and the dues and LPL deductions owed to the Union.

13.     Down and Out failed to submit contributions, deducted dues and reports for the

months of February through April 2019.  However, pursuant to a document submitted by its

laborer employee, the Funds assessed Down and Out's contribution and dues liability for this

laborer to be $7,675.00 for the period February through April 2019.

<u>**COUNT I - VIOLATION OF ERISA -**</u>
<u>**DELINQUENT CONTRIBUTIONS**</u>

14.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 13 above.

15.     The failure of Down and Out to make payment of all contributions owed to

Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

16.     Section 502(g)(2) of ERISA provides that a fiduciary of a multi-employer plan,

bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid

contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other

appropriate legal and equitable relief.  29 U.S.C. §1132(g)(2).

17.     Absent an order from this Court, Down and Out will continue to fail and refuse to

pay all of the monies it owes to the Funds, as a result of which the Funds and their participants

will be irreparably damaged.

18.     A copy of this Complaint is being served upon the Secretary of Labor and the

Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C.

§1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS AND DUES

19.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 18 above.

20.     The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

21.     The failure of Down and Out to pay the contributions it owes to the Plaintiff

Funds as well as the other non-ERISA Funds and to remit the dues it has deducted from

employees' wages, and to submit remittance reports violates the terms of the CBA.

### COUNT III - REACH-AND-APPLY DEFENDANT COMMERCIAL DEVELOPMENT COMPANY, INC.

22.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 21 above.

23.     On information and belief, CDC contracted with Down and Out to perform work

on the Brayton project.  On further information and belief, CDC is holding money owed to Down

and Out.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.     Order the attachment of the machinery, inventory, bank accounts and accounts

receivable of Down and Out;

b.     Order Down and Out to make available to the Plaintiff Funds or their duly

authorized representative all of its payroll records, including, but not limited to, file copies of

contribution reports, payroll tax returns, employees' earning records and hours worked, weekly

payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

      c.      Enter a preliminary and permanent injunction enjoining Down and Out from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

      d.      Enter a preliminary and permanent injunction enjoining Down and Out from refusing or failing to pay contributions and interest owed to the Funds;

      e.      Enter a preliminary and permanent injunction enjoining Reach-and-Apply Defendant Commercial Development Company, Inc. from paying any money it owes to Defendant Down and Out pending further order of this Court;

      f.      Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of February through April 2019 plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

      g.      Enter judgment in favor of the Funds on Count II in the amount of any unpaid contributions and dues owed for the months of February through April 2019 and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

      h.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

TRUSTEES OF THE MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, *et al.*,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Nathan P. Goldstein, Esquire
BBO #666101
Sasha N. Gillin, Esquire
BBO #690769
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA  02111
(617) 742-0208, Ext. 232
asills@segalroitman.com

Dated:  October  23  , 2019

## VERIFICATION

I, Louis A. Mandarini, III verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  21  DAY OF

OCTOBER, 2019.

Louis A. Mandarini, III
Louis A. Mandarini, III

ARS/ars&ts
6306-19411/complt.doc